**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Porter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00193-TUC-JCH<br><br>**ORDER** |

Plaintiff Elizabeth Porter ("Plaintiff") brought this action, pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security. (Doc. 1.) This matter was referred to United States Magistrate Judge Lynnette C. Kimmins for Report and Recommendation ("R&R"). (Doc. 15.) On August 9, 2022, Judge Kimmins issued her R&R finding the Administrative Law Judge ("ALJ") did not err and recommending this Court affirm the Commissioner's decision. (Doc. 24 at 11.) Plaintiff objects to the R&R. (Doc. 25.) The Court overrules Plaintiff's objection, adopts the R&R in full, and affirms the Commissioner's decision.

**I.　　Factual and Procedural History**

On December 5, 2019, Plaintiff filed her initial application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income ("SSI"), alleging disability beginning September 30, 2019. (*See* Administrative Record ("AR") at 46, 539.)

The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. ("SSA") (AR 16–30.) To be found disabled and qualified for Disability Insurance Benefits or SSI, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(a) & 1382(a)(3)(A). The same five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571–76, 416.920 & 416.971–76; *Bowen v. Yuckert*, 482 U.S. 137, 140–142 (1987). The five-step process requires the claimant to show (1) she has not worked since the alleged disability onset date, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from doing her past work.[1] If at any step the Commissioner determines that a claimant is or is not disabled, the inquiry ends. If the claimant satisfies her burden though step four, the burden shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); *see also Bowen*, 482 U.S. at 146 n.5 (describing shifting burden at step five).

The ALJ found Plaintiff had severe impairments including Rubinstein Taybi syndrome, disc disease of the lumbar spine, generalized anxiety disorder, and depression. (AR 50.) He then determined Plaintiff had the RFC to perform light work with several limitations: no climbing ladders, ropes, or scaffolds; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; avoid concentrated exposure to extreme cold or heat, vibration, and hazards; only simple, repetitive tasks; and only occasional changes in the workplace. (AR 53.) The ALJ concluded at Step Five, based on the testimony of a vocational expert, that Plaintiff could perform the jobs of bagger and stuffer, for which there exists significant numbers in the national economy. (AR 61.)

The ALJ concluded that Plaintiff was not disabled, (AR at 539), and found that Plaintiff's testimony about her limitations was not fully consistent with the evidence in the record. (AR 55.) More specifically, the ALJ found Plaintiff's symptoms were adequately

---

[1] "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007). A plaintiff's residual functional capacity is what he can do despite existing exertional and non-exertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5–7 (9th Cir. 1989).

addressed by conservative treatment. (AR 59.) The ALJ and found Plaintiff's testimony not fully consistent with her ability to engage in a "wide range of activities of daily living," the medical opinions, and objective medical evidence. (*Id.*) Plaintiff requested review before the Appeals Council, which was denied on March 25, 2021, thereby making the ALJ's decision the final decision of the Commissioner. (AR 1–10.) Thereafter, Plaintiff timely filed the instant action. (Doc. 1.)

Judge Kimmins issued her R&R finding that the ALJ did not commit legal error and provided clear and convincing reasons for rejecting Plaintiff's symptom testimony. (Doc. 24.) The R&R found substantial evidence to discount Plaintiff's symptom testimony regarding lumbar pain. (*Id.* at 5–8.) Similarly, the R&R found substantial evidence to discount Plaintiff's symptom testimony regarding her mental health limitations. (*Id.* at 8–10.) The R&R recommended this Court deny Plaintiff's appeal. (*Id.* at 11.)

Plaintiff raises four objections, specifically she claims the ALJ improperly discounted symptom testimony by: (1) characterizing Plaintiff's lumbar pain treatment as conservative; (2) characterizing Plaintiff's mental health treatment for her anxiety and depression as conservative; (3) finding Plaintiff's physical condition improved with treatment to a point of no disability; and (4) relying on contradicting opinion evidence from the State agency—allegedly present in every case—as a clear and convincing reason to do so. (Doc. 25.)

**II.   STANDARD OF REVIEW**

**A.   REVIEW OF THE REPORT AND RECOMMENDATION**

In reviewing a Magistrate Judge's R&R, "[a] judge of the court shall make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**B.   REVIEW OF THE ALJ'S DECISION**

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035

(9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) *citing Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990). "An error is harmless if it is 'inconsequential to the ultimate nondisability determination[.]'" *Treichler v. Comm'r of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2015) (internal citation and quotation omitted). Put differently, "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1004, 1115 (9th Cir. 2012) (internal quotation marks and citations omitted), *superseded by regulation on other grounds*.

## III.   ANALYSIS

### A. SYMPTOM TESTIMONY

In evaluating symptom testimony, the ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *See* 20 C.F.R. § 404.1529 & 416.929. If the claimant has presented such evidence, the ALJ proceeds to consider "all of the available evidence, including [the claimant's] history, the signs and laboratory findings, and statements from [the claimant]," her doctors, and other persons to determine the persistence and intensity of these symptoms. *See* 20 C.F.R § 404.1529(c)(1). If there is no evidence of malingering, the ALJ may reject the claimant's symptom testimony only by giving specific, clear, and convincing reasons that are supported by substantial evidence. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Specifically, "[t]he ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints – general findings are insufficient." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (internal citation and quotation omitted); *see Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (finding insufficient the ALJ's "boilerplate statement" that the claimant's symptom testimony was "not entirely consistent with the objective medical evidence").

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 55). As discussed below, the ALJ did not commit harmful error in discounting Plaintiff's symptom testimony.

### i. Conservative Treatment

Routine and conservative treatment can be sufficient to discount a claimant's subjective testimony regarding the limitations caused by an impairment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008) (finding an ALJ may infer that pain is not disabling if a claimant seeks only minimal conservative treatment); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding conservative treatment sufficient to discount claimant's testimony regarding severity of an impairment.); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where claimant's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (finding conservative treatment can suggest a lower level of both pain and functional limitations).

In March 2016, the Commissioner promulgated Social Security Ruling 16-3p ("SSR 16-3p"), 2017 WL 5180304, which "makes clear what [Ninth Circuit] precedent already required: that assessments of an individual's testimony by an ALJ are designed to evaluate the intensity and persistence of symptoms ... and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (internal quotation marks omitted). Under SSR 16-3p, the ALJ must determine whether to credit a claimant's statements about her pain and limitations by referring to the factors listed in 20 C.F.R. § 404.1529(c)(3) or 20 C.F.R. § 416.929(c)(3), which include: the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; the factors that precipitate and aggravate the

symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; the claimant's treatment, other than medication, for the symptoms; any other measure that the claimant uses to relieve the symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to the symptoms. *See* SSR 16-3p.

### a. Lumbar Pain

The ALJ found the progress notes and reports from various medical sources demonstrated Plaintiff's consistent motor strength in the lower extremities (AR 56 (citing AR 866, 970, 980)), sensation in her lower extremities had been normal or intact (AR 65 (citing AR 865, 980)), and her gait had been normal (AR 56 (citing AR 839, 865, 869, 970, 980). The ALJ also noted that Plaintiff received L4-L5 LESI injections in October 2017, December 2018, and January 2019, and experienced "over 50% reduction in pain and radicular symptoms." (AR 55 (citing AR 971)).

Plaintiff objects to the R&R's finding that, "because Plaintiff received only one type of injection, was not taking narcotic medication, and never required an assistive device for walking[.]" (Doc. 25 at 2 (citing Doc. 24 at 6)). Specifically, Plaintiff contends that the ALJ failed to consider her uninsured status during the relevant period, impermissibly relied on her failure to take narcotic pain medication, and impermissibly concluded that her ability to walk discounted her alleged inability to maintain competitive employment. (*Id.* at 2.)

A review of the administrative record shows Plaintiff is incorrect. The ALJ did consider Plaintiff's uninsured status, (AR at 55 ("On December 2, 2019, the PA noted that the claimant did not return for her previously scheduled LESI due to loss of medical coverage"); AR at 56 ("[Dr. Lin] offered a repeat MRI, but she was uninsured and deferred at that time")), but found that her examinations continued to show normal functioning even without her previously scheduled LESI injections, (AR 56 ("However, the PA also noted the following of the claimant: gait was normal; there were no spasms or trigger points; there was no sacroiliac joint tenderness; facet loading signs were negative bilaterally; and,

5/5 strength in the bilateral lower extremities []."). Moreover, consistent with SSR 16-3p, the ALJ found Plaintiff's pain treatment, including some LESI injections followed by neuropathic medication provided adequate relief negating Plaintiff's need for more aggressive treatment (AR 59 ("claimant has been treated for these conditions in a conservative manner and she has responded to this treatment")). The ALJ did not conclude that Plaintiff's ability to work hinged on her refusal to take narcotic pain medication. Similarly, Plaintiff's "ambulation without [a medically necessary] assistive device," when compared to her "wide range of activities of daily living" rendered her symptom testimony less persuasive. (AR 59.) The ALJ properly considered the SSR 16-3p factors to discount Plaintiff's symptom testimony.[2] Taken as a whole, substantial evidence supports the ALJ's assessment regarding her physical and functional limitations.

### b.  Mental Health

Plaintiff objects to the ALJ's legal conclusion regarding her anxiety and depression. (Doc. 25 at 3.) She concedes, however, that the ALJ correctly found she received a conservative treatment routine. (Doc. 25 at 2 ("While it is true that [Plainitff] did not receive much targeted treatment for mental health disorders, the relevant inquiry is not only whether [Plaintiff] received conservative treatment; but rather whether that fact is a clear and convincing reason to disregard symptom testimony.")). Plaintiff asks this Court to reweigh the evidence and find that her reported mental health symptoms interfere with her concentration, persistence, and pace to the point of disability. (*Id.*) If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *See Thomas v. Barnhard*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, as here, it is the Commissioner's conclusion that must be upheld. *Id.* Plaintiff offers an alternative

---

[2] Plaintiff offers, without citation to legal authority, that pain at a constant 6/10 level "is certainly distracting and difficult to live with." She objects to both (1) the ALJ's finding that her physical condition improved with treatment, and (2) the ALJ's legal conclusion that her condition improved to the point of no disability. (*See* Doc. 25 at 3.) The ALJ appropriately discounted pain testimony where the medical record, state agency examiners' opinions, and Plaintiff's daily living activities, supported normal functioning. The ALJ did not err.

interpretation, which alone, is insufficient to sustain an objection. The ALJ did not find that Plaintiff's mental health symptoms improved with treatment. (*See* AR 56–59.) Rather the ALJ relied on the State Agency examiner's opinions and objective medical evidence to properly disregard her symptom testimony. (*See* AR 53.) The Court overrules the objection.

### c. Conflicting State Agency Opinions

As to her mental health symptoms, Plaintiff objects more specifically to the contradictory opinion evidence offered by the State Agency examiners. (*See* Doc. 25 at 4–6.) According to Plaintiff, several courts have held that such conflicting opinions appear in virtually every case and do not constitute clear and convincing reasons to disregard symptom testimony. (*Id.*) This Court, according to Plaintiff, should similarly disregard the conflicting State Agency examiners' opinions. (*See id.* ("There is considerable confusion over whether the appearance of this analysis constitutes a reason given by the ALJ for disregarding symptom testimony.") Her position finds no support in Ninth Circuit precedent.

Under the revised regulations, an ALJ's decision to discredit any medical opinion "must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). There is no "inherent persuasiveness" in either a claimant's own medical sources or government consultants. *Id.* at 791 (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416)). As the R&R notes, Plaintiff did not qualify her mental limitations in the same manner as the State Agency examiners, nonetheless, the ALJ adopted the more restrictive findings and limited Plaintiff to simple, routine tasks, and occasional changes in the workplace. (Doc. 24 at 9.) Importantly, Plaintiff fails to identify any *specific* contradictory opinion erroneously relied upon by the ALJ. (Doc. 25 at 3.) Nor does Plaintiff explain how this evidence constitutes harmful error such that it would change the ALJ's ultimate conclusion. Accordingly, this objection is also overruled.

…

**IV.     ORDER**

**IT IS ORDERED OVERRULING** Plaintiff's Objection to the Report and Recommendation (Doc. 25).

**IT IS FURTHER ORDERED ADOPTING IN FULL** the Report and Recommendation, (Doc. 24), and **AFFIRMING** the decision of the Commissioner.

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 14th day of September, 2022.

Honorable John C. Hinderaker
United States District Judge